IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00227-GPG

MR. LAMAR DELRAY DAVIS,

    Plaintiff,

v.

THE PUEBLO COUNTY JAIL DETENTION FACILITIES: MEDICAL & DENTAL DEPARTMENTS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Lamar Delray Davis, is an inmate at the Pueblo County Detention Center in Pueblo, Colorado.  Mr. Davis has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 complaining about the conditions of his confinement. The court must construe the Prisoner Complaint liberally because Mr. Davis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Davis will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient because portions of the Prisoner Complaint do not comply with the local civil rules for the District of Colorado, which require that all handwritten pleadings and documents be legible.  *See* D.C.COLO.LCivR 10.1(g).  The Prisoner Complaint is difficult to understand because Mr. Davis' handwriting at times is either too small or simply unreadable.

The Prisoner Complaint also is deficient because Mr. Davis improperly uses two separate pleading forms to assert all of his claims in this action. He asserts claims one, two, and three in the Prisoner Complaint (*see* ECF No. 1 at 4-6) and he asserts claims four, five, and six on a Title VII Complaint form (*see* ECF No. 1-1) that is attached to the Prisoner Complaint. Mr. Davis may add additional pages to the Prisoner Complaint form if necessary to accommodate all of the claims he is asserting. However, the use of a separate pleading form to assert additional claims is improper and confusing.

Finally, the Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Davis indicates he is asserting claims pursuant to 42 U.S.C. § 1983. However, he fails to provide a short and plain statement of any claims showing he is entitled to relief because he fails to identify the specific federal claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

For these reasons, Mr. Davis must file an amended complaint if he wishes to pursue his claims in this action.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Mr. Davis should name as Defendants those persons he contends actually violated his federal rights while

acting under color of state law.  Mr. Davis may not include claims in his amended complaint against a county or other municipal entity, such as the detention center itself or a medical or dental department within the detention center, unless he demonstrates he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Accordingly, it is

ORDERED that Mr. Davis file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Davis shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Davis fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 6, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge